IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL RIVLIN,<br><br>    Plaintiff,<br><br>    v.<br><br>ZIMMER BIOMET, et al.,<br><br>    Defendants. | CIVIL ACTION<br><br>NO. 19-1497-KSM |

**ORDER**

**AND NOW** this 17th day of August, 2021, upon consideration of Defendants' Motion for Summary Judgment (Doc. No. 27), Plaintiff's opposition brief (Doc. No. 28), and Defendants' reply brief (Doc. No. 32), it is **ORDERED** that the motion is **DENIED**.

**IT IS FURTHER ORDERED** as follows

1.  Counsel shall participate in a settlement conference before Magistrate Judge Marilyn Heffley by **October 29, 2021**, if practicable.[1]

2.  No later than **November 9, 2021**, each party shall file with the Clerk of Court a pretrial memorandum. The pretrial memoranda shall include the following:

    a.  All stipulations of counsel;

    b.  A statement of objection to: (i) the admissibility of any exhibit based on authenticity; (ii) the admissibility of any evidence expected to be offered for any reason (except objections to relevancy); (iii) the adequacy of the qualifications of an expert witness expected to testify; and (iv) the admissibility of any opinion testimony from lay witnesses pursuant to Fed. R.

---

[1] If Judge Heffley is unable to schedule a settlement conference by October 29, 2021, counsel shall immediately notify the Court and the Court will issue a revised scheduling order.

Evid. 701.  Such objections shall describe with particularity the ground and the authority for the objection.

        c.      Deposition testimony (including videorecorded deposition testimony) that the party intends to offer during its case-in-chief.  The statement should include citations to the page and line number and the opposing party's counter-designations.

        d.      Counsel must prepare one unified and agreed upon set of proposed jury instructions on substantive issues and one proposed verdict form or set of special interrogatories to the jury.  If counsel cannot agree on a particular instruction, they must submit their competing versions along with a statement explaining why the Court should give their proposed instruction.  Proposed jury instructions must be tailored and personalized for the case and should include accurate quotes from, and citations to, cases and pattern jury instructions where appropriate.  If pattern instructions are to be given, those instructions should be taken from the Third Circuit Model Jury Instructions wherever possible.  United States Supreme Court or Third Circuit Court of Appeals cases should be cited wherever applicable.  In addition to filing the proposed jury instructions and verdict form on the Court's docket, the parties must e-mail the documents in Word format to Chambers_Judge_Marston@paed.uscourts.gov.

3.     A final pretrial conference will be held on **November 17, 2021 at 10:00 a.m. in Chambers (Room 5614)**.  Counsel should be prepared to address any pending motions *in limine*, and objections to witnesses and exhibits.  It is expected that counsel attempted to resolve all objections to exhibits and testimony prior to the final pretrial conference, leaving for the Court only those objections the parties could not resolve.  Counsel are also expected to have discussed with their respective clients prior to the conference the issues to be addressed at any conference with the Court and to come to the conference with all necessary authority.  Trial counsel must

attend the final pretrial conference and only those attorneys attending the conference may participate in the trial.

4. At the final pretrial conference, the parties shall provide the Court with a copy of each exhibit and two copies of a schedule of exhibits which shall describe each exhibit. Exhibits shall be arranged and tabbed in a three-ring binder.

5. No later than **December 2, 2021**, counsel shall submit a trial brief on the legal issues to be resolved at trial.

6. Only those exhibits and discovery items identified in the manner set forth in this Order shall be considered for admission into evidence at trial, unless stipulated to by all affected parties and approved by the Court.

7. The unavailability of a witness shall not be a ground to delay the commencement or progress of an ongoing trial. If a witness may be unavailable at the time of trial in the manner defined in Fed. R. Civ. P. 32(a)(4), testimony must be presented by oral or videorecorded deposition at trial.

8. This case will be listed for trial on **December 9, 2021 at 9:30 a.m. in Courtroom TBD**. Counsel and all parties shall be prepared to commence trial on that date. All counsel are attached for trial.

**IT IS SO ORDERED.**

/s/*Karen Spencer Marston*
_____
KAREN SPENCER MARSTON, J.